IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON H. VAN HOOK, #81975-509, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-00490-SMY |
| | ) |
| JEFFERSON COUNTY SHERIFF'S OFFICE, MARION COUNTY DETENTION CENTER, DR. LOCKHART, NURSE JASON, NURSE TERRY, USMS GRANT, and USMS JASON, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**YANDLE, District Judge:**

This matter is before the Court for case management. On April 1, 2025, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 asserting claims against officials at Jefferson County Sheriff's Office and Marion County Detention Center for alleged constitutional deprivations stemming from the denial of medical care. (Doc. 2). He commenced this action without prepaying the $405.00 filing fee or filing a motion for leave to proceed *in forma pauperis* (IFP).

At the time of case opening, the Court sent Plaintiff a Notice and Order advising Plaintiff of his obligation to either prepay the full filing fee of $405.00 or file an IFP motion without prepayment of the filing fee on or before May 8, 2025. (Doc. 4). He was warned that the case would be dismissed without prejudice for failure to comply with the Order. *Id*.

Plaintiff missed the deadline for submitting his filing fee or IPF motion. As a result, the Court entered a Notice of Impending Dismissal, warning Plaintiff the case would be dismissed for

1

noncompliance with the Court's Order at Doc. 4 and for failure to prosecute his claims unless he either prepaid his filing fee or filed an IFP motion no later than May 23, 2025. (Doc. 8). Plaintiff has now missed all deadlines set in this case; the Court will not allow this matter to linger indefinitely. Accordingly, the case is **DISMISSED without prejudice** for failure to comply with the Court's Orders at Docs. 4 and 8 and for failure to prosecute his claims. FED. R. CIV. P. 41(b).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended. A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 3, 2025**                         *s/ Staci M. Yandle*
                                                  **STACI M. YANDLE**
                                                  **United States District Judge**